Ava L. Schoen, OSB #044072
  Direct Dial: 503.802.2143
  Fax: 503.972.3843
  Email: ava.schoen@tonkon.com
TONKON TORP LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Eugene Division)

| | |
|---|---|
| **ASH NEWELL**,<br><br>          Plaintiff,<br><br>     v.<br><br>**WESTERN COMMUNICATIONS, INC.**,<br><br>          Defendant. | Civil No. 6:19-CV-1258<br><br>**MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER FORUM** |

### LR 7.1(a) Certification

Pursuant to Local Rule 7.1(a), I, Ava Schoen, counsel for Defendant Western Communications, Inc. ("Western"), certify that I conferred by telephone with Richard Liebowitz, counsel for plaintiff Ash Newell ("Newell"), on October 4, 2019, regarding the subject of this Motion. Mr. Liebowitz informed me that he would file an amended complaint that same day in which he would remove Western as a defendant. No such amended complaint has been filed.

**Motion**

Western moves to dismiss Newell's complaint pursuant to (i) Local Rule of Civil Procedure 83 because Newell's counsel is not admitted to practice law in the state of Oregon or otherwise admitted to appear before this Court, and (ii) Local Rule of Bankruptcy Procedure 2100-1 because any action against Western must be filed in the Bankruptcy Court for the District of Oregon where Western's Chapter 11 bankruptcy case is pending.

**Memorandum of Law**

**I.    The Complaint Should Be Dismissed Because Plaintiff's Counsel is Not Admitted to Appear in This Court**

Newell's complaint was filed by attorney Richard Liebowitz of Liebowitz Law Firm, PLLC.  Mr. Liebowitz is not admitted to practice law in the state of Oregon and he is not specially admitted pro hac vice in this case.  Declaration of Ava L. Schoen at ¶¶ 3-5 ("Schoen Decl.").

"The filing of any document constitutes an appearance by the attorney who signs the document."  Local Rule of Civil Procedure 83-9.  "Only attorneys generally or specifically admitted pursuant to this rule may practice in the district and bankruptcy court of the District of Oregon."  Local Rule of Civil Procedure 83-1(a).  As set forth above, Mr. Liebowitz filed the complaint notwithstanding the fact that he is not generally or specially admitted in this Court. "Any person who exercises any of the privileges of a member of the bar of this Court without being entitled to do so is guilty of contempt."  Local Rule of Civil Procedure 83-1(d).

Because Mr. Liebowitz filed the complaint in violation of the aforementioned Local Rules of Civil Procedure, the complaint should be dismissed.

**II.    The Complaint Was Filed in the Wrong Forum**

To the extent the complaint is not dismissed or Mr. Newell is granted leave to refile the complaint with the assistance of counsel who is admitted to appear before the courts in the District of Oregon, this Court is not the appropriate forum.

Page 2 -    MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER FORUM

Western filed for Chapter 11 bankruptcy protection on January 22, 2019 (the "Bankruptcy Case"). The Bankruptcy Case is pending in the United States Bankruptcy Court for the District of Oregon, Case No. 19-30223-tmb11. Schoen Decl. at ¶ 6.

Local Rule of Bankruptcy Procedure 2100-1 provides that, "[t]his Court hereby continues its reference to the bankruptcy judges of this district of all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to cases under Title 11." The Ninth Circuit's test for determining whether a matter is "related to" a bankruptcy case is whether the outcome could "conceivably have any effect on the bankruptcy estate being administered." *Blue Sky Avgroup, LLC v. Epic Air LLC*, 2010 WL 649746, at *3, No. 3:09-628-AC (D. Or. Feb. 23, 2010) (internal cites omitted). Because the outcome of this litigation could alter Western's rights or liabilities, the matter must be referred to the bankruptcy court. *Id.* (finding that a bankruptcy proceeding could be effected by an action if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively), or in any way impact upon the handling and administration of the bankrupt estate).

### III.   Conclusion

Because Mr. Liebowitz is not admitted to appear before this Court and because any action against Western must be filed in the Bankruptcy Court for the District of Oregon, Western requests that the Court dismiss Newell's complaint.

DATED this 8th day of October, 2019.

> TONKON TORP LLP
>
> By *s/ Ava L. Schoen*
>   Ava L. Schoen, OSB No. 044072
>    Direct Dial:  503.802.2143
>    Direct Fax:   503.972.3843
>    Email:  ava.schoen@tonkon.com
>   1600 Pioneer Tower
>   888 SW Fifth Avenue
>   Portland, OR  97204-2099
>     Attorneys for Defendant

000646/00045/10404094v1

Page 3 -   MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER FORUM