UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Ash Newell

                Plaintiff(s),

v.

Western Communications, Inc.

                Defendant(s).

Case No.: 6:19-cv-1258

APPLICATION FOR SPECIAL ADMISSION – *PRO HAC VICE*

### Application for *Pro Hac Vice* Admission and CM/ECF Registration

Attorney **Richard Liebowitz** requests special admission *pro hac vice* to the Bar of the United States District Court for the District of Oregon in the above-captioned case for the purposes of representing the following party(s):

Plaintiff Ash Newell

In support of this application, I certify that: 1) I am an active member in good standing with the **New York** State Bar; and 2) that I have read and am familiar with the Federal Rules of Evidence, the Federal Rules of Civil and Criminal Procedure, the Local Rules of this Court, and this Court's Statement of Professionalism.

I understand that my admission to the Bar of the United States District Court for the District of Oregon is solely for the purpose of litigating in the above matter and will be terminated upon the conclusion of the matter.

    **(1)    PERSONAL DATA:**

Name: Liebowitz Richard P.
    *(Last Name)*    *(First Name)*    *(MI)*    *(Suffix)*

Agency/firm affiliation: Liebowitz Law Firm, PLLC

Mailing address: 11 Sunrise Plaza, Suite 305

City: Valley Stream    State: NY    Zip: 11580

Phone number: 516-233-1660    Fax number: 516-612-2740

Business e-mail address: RL@LiebowitzLawFirm.com

(2) **BAR ADMISSION INFORMATION:**

    (a)  State bar admission(s), date(s) of admission, and bar number(s):
New York- 08/2015, RL1234

    (b)  Other federal court admission(s) and date(s) of admission:
SDNY- 10/2015, EDNY- 10/15, NDNY- 02/16, WDNY- 02/16

(3) **CERTIFICATION OF DISCIPLINARY ACTIONS:**

☐ I am not now, nor have I ever been subject to any disciplinary action by any state or federal bar association.

☑ I am now or have been subject to disciplinary action by a state or federal bar association. (See attached letter of explanation.)

(4) **CERTIFICATION OF PROFESSIONAL LIABILITY INSURANCE:**

Pursuant to LR 83-3, I have professional liability insurance, or financial responsibility equivalent to liability insurance, that meets the insurance requirements of the Oregon State Bar for attorneys practicing in this District, and that will apply and remain in force for the duration of the case, including any appeal proceedings.

(5) **CM/ECF REGISTRATION:**

I acknowledge that I will become a registered user of the Court's case management and electronic case filing system (CM/ECF) upon approval of this application, and I will receive electronic service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and the Local Rules of the District of Oregon.

**Certification of Attorney Seeking *Pro Hac Vice* Admission:** I have read and understand the requirements of LR 83-3, and I certify that the above information is true and correct.

DATED: 11/14/19

*Richard Liebowitz*
(*Signature*)

**REQUIREMENT TO ASSOCIATE WITH LOCAL COUNSEL:**

LR 83-3(a)(1) requires applicants for *pro hac vice* admission to associate with local counsel, unless requesting a waiver of the requirement under LR 45-1.

To request a waiver of the requirement to associate with local counsel under LR 45-1, check the following box:

☐ I seek admission for the limited purpose of filing a motion related to a subpoena that this Court did not issue. Pursuant to LR 45-1(b), I request a waiver of the LR 83-3(a)(1) requirement to associate with local counsel and therefore do not include a certification from local counsel with this application.

To associate with local counsel, complete the following section and obtain the signature of local counsel.

Name: Stevens, Michael O.
    (Last Name)        (First Name)        (MI)        (Suffix)

OSB number: 095198

Agency/firm affiliation: Stevens & Legal, LLC

Mailing address: 3699 NE John Olsen Avenue

City: Hillsboro        State: OR        Zip: 97124

Phone number: 971-533-6178        Fax number: _____

Business e-mail address: Michael@HillsboroFirm.com

**CERTIFICATION OF ASSOCIATE LOCAL COUNSEL:**

I certify that I am a member in good standing of the bar of this Court, that I have read and understand the requirements of LR 83-3, and that I will serve as designated local counsel in case number 6:19-cv-1258.

DATED: 11/12/2019

_____
(Signature of Local Counsel)

---

## COURT ACTION

Application for *pro hac vice* admission by <u>Richard Liebowitz</u> in case number: <u>6:19-cv-1258</u> is hereby:

☐ Approved subject to payment of fees.
☐ Denied.

DATED: _____.

_____
Judge

---

**Record of Sanctions Orders Against Richard Liebowitz, Esq.**

1)      On March 15, 2018, Court imposed sanctions of $2,000 (reduced from $10,000) and ordered Mr. Liebowitz to complete 4 hours of ethics CLE training because he did not serve a notice of initial case management on the defendant (even though defendant already knew of the conference), purportedly omitted certain information concerning the parties' communications and purportedly caused the defendant to incur additional costs.  While it is true that Mr. Liebowitz did not serve the notice of conference in that case, the defendant already knew of the existence of the action so it was harmless error.  Moreover, Mr. Liebowitz disagrees with the Court's other findings regarding material omissions and increase in costs.  The corporate defendant in that case was represented by counsel but failed to file a notice of appearance.  Defendant knew of the case all long. Mr. Liebowitz complied with the Court's order but did not agree with decision.  *Steeger v. JMS Cleaning Servs., LLC*, No. 17CV8013(DLC), 2018 WL 1363497, at *1 (S.D.N.Y. Mar. 15, 2018).

2)      On April 2, 2018, Liebowitz Law Firm, PLLC was sanctioned $100 for failing to serve initial disclosures.  *Anderson v. Outhouse PR, LLC*, No. 17-cv-6722 (S.D.N.Y Apr. 2, 2018) (Dkt. 21).

3)      On June 22, 2018, Mr. Liebowitz was fined $200 for failing to attend a hearing as ordered and failing to comply with the court's orders relating to service of process. *Romanowicz v. Alister & Paine, Inc.*, 17-cv-8937 (S.D.N.Y June 22, 2018).

4)      On October 5, 2018, Mr. Liebowitz was sanctioned $650 for failing to provide adequate discovery responses. *Seidman v. GAX Productions, LLC*, 18-cv-2048 (S.D.N.Y. Oct. 5, 2018).

5)      On October 9, 2018, Mr. Liebowitz was sanctioned $500 for failing to appear at a final pretrial conference. *Chicoineau v. Bonnier Corp.*, 18-cv-3264 (S.D.N.Y. Oct. 9, 2018).

6)      On March 29, 2019, the Court awarded defendant approximately $98,000 in attorneys' fees against Mr. Liebowitz and Liebowitz Law Firm, PLLC after finding that the firm acted in "bad faith" by filing a motion to disqualify defendant's expert witness, who had previously consulted with Plaintiff as an expert in the same action.  Mr. Liebowitz believed that the motion was meritorious as defendant assumed the risk that by retaining a flip-flopping expert, Plaintiff would move to disqualify. Mr. Liebowitz complied with the Court's order but did not agree with decision. *Craig v. UMG Recordings, Inc.,* No. 16-CV- 5439 (JPO), 2019 WL 1432929 (S.D.N.Y. Mar. 29, 2019).

7)      On August 8, 2019, the Court sanctioned Mr. Liebowitz in the amount of approximately $9,500 for not participating in a Court-ordered mediation session and not appearing for a scheduled case management conference.  With respect to the mediation, the client was not available to participate.  With respect to the court conference, the case was settled the night before the conference, and the Court decided to move forward with it despite a joint motion to adjourn.  Mr. Liebowitz complied with the Court's order but did not agree with decision. *Rice v NBCUniversal, LLC,* 19-CV-447 (JMF), 2019 WL 3752491, at *1 (SDNY Aug. 8, 2019)

8)      On October 22, 2019, the Court awarded sanctions against Mr. Liebowitz because four pages of material documents were produced for the first time on summary judgment, less than four weeks after the discovery deadline.  Mr. Liebowitz believes that defendant suffered no prejudice of any kind because it failed to conduct any discovery, did not move to compel production, and did not even serve a deficiency letter.   The motion for fees remains pending and plaintiff in the case has moved to recuse the judge in that proceeding for expressing a high degree of antagonism against plaintiff's counsel. *Sands v Bauer Media Group USA, LLC*, 17-CV-9215 (LAK), 2019 WL 5395602, at *1 (SDNY Oct. 22, 2019).

9)      On October 9, 2019, Court sanctioned Mr. Liebowitz $1,500 for not filing a proof of service and not providing defendant with licensing fee information.  However, defendant had yet to file an appearance in the action so there was not way to provide it with the necessary information.  The failure to file a timely proof of service was non-prejudicial and harmless error.  Mr. Liebowitz complied with the Court's order but did not agree with decision. *Polaris Images Corp. v CBS Interactive, Inc.*, 19-CV-3670 (VEC), 2019 WL 5067167, at *1 (SDNY Oct. 9, 2019

10)     On November 1, 2019, Mr. Liebowitz was held in contempt of Court for failing to comply with Court's order to produce a death certificate of his grandfather and failing to timely pay monetary fines.  Mr. Liebowitz had previously missed a court conference due to the death of his grandfather, although he was mistaken as to the date of actual death.  Mr. Liebowitz has paid all outstanding monetary fines and complied with the Court's order.  *Berger v. Imagina Consulting, Inc.*, No. 7:18-cv-08956 (S.D.N.Y.).